Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO PEREZ, | ) Case No. 5:23-CV-00567-RGK AFM |
| Plaintiff, | ) **Joint Rule 26(f) Report** |
| vs. | ) **Honorable Judge R. Gary Klausner** |
| CREDENCE RESOURCE MANAGEMENT, LLC, and DOES 1-10 inclusive, | ) |
| Defendant | ) |

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order Setting Scheduling Conference (Dkt. #12), Plaintiff, Alfredo Perez ("Plaintiff"), and Defendant, Credence Resource Management, LLC ("Defendant"), hereby submit their Joint Rule 26(f) Report.

**JOINT RULE 26(f) REPORT**
-1-

a. **S**TATEMENT OF THE **C**ASE

Plaintiff:

This case arises out of Defendant's excessive and harassing communications in an attempt to collect an alleged outstanding debt. Plaintiff was contacted by Defendant numerous times in August 2022. Plaintiff repeated asked Defendant to stop calling him. Defendant continued to call Plaintiff. Defendant also used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed. These collection efforts were in violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 and the Telephone Consumer Protection Act., 47 U.S.C. §227.

Defendant:

Defendant denies that it engaged in any harassing communications in its lawful collection activities on behalf of the creditor, American Medical Response (AMR). Defendant also denies Plaintiff's allegations that it kept contacting him following numerous requests to cease communication in violation of either the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, or the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*. Finally, Defendant does not, and did not use an "automated

telephone dialiing system ("ATDS") for purposes of the Telephone Consumer Protection Act ("TCPA"), 15 U.S.C. § 227, as now defined by the U.S. Supreme Court in *Facebook, Inc. v. Duguid, et al.*, 14 S.Ct. 1163 (Apr. 1, 2021). To the extent that there was any violation, it was the result of a bona fide error notwithstanding procedures reasonably adapted to avoid the error.

    **b.**    **SUBJECT MATTER JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise out of laws of the United States. This Court has jurisdiction over Plaintiff's claims under California law pursuant to 28 U.S.C. § 1367, because Plaintiff's claims under California law are so related to his federal law claims such that they form part of the same case or controversy. Defendant does not contest the Court's subject matter jurisdiction.

    **c.**    **LEGAL ISSUES**

Plaintiff:

Plaintiff alleges that Defendant's conduct in willfully and negligently harassing Plaintiff for the purposes of collecting an alleged debt, including via an automated system, harassed and annoyed Plaintiff. Plaintiff complained about such communications and requested that Defendant stop, but Defendant persisted. These acts are in violation of the Rosenthal Fair Debt Collection Practices Act,

Cal. Civ. Code §1788. Defendant's conduct violated the Telephone Consumer Protection Act using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

Defendant:

The legal issues in this case include, without limitation, (1) whether Defendant violated the FDCPA and/or RFDCPA, (2) whether Defendant's conduct was negligent and/or willful; (3) whether Defendants' conduct caused Plaintiff to suffer damages; (4) whether Defendant's violation, if any, was exonerated because they were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error for purposes of the FDCPA and RFDCPA; (5) whether the telephone system used by Defendant was an ATDS within the meaning of 47 U.S.C. § 227 as now defined by the U.S. Supreme Court in *Facebook, supra*; and (6) whether Plaintiff consented to and/or revoked any such consent to receive calls to his cellular telephone from an ATDS and/or prerecorded messages or messages utilizing an artificial voice.

/ / /

    **d.**     **PARTIES, EVIDENCE, ETC.**

<u>Plaintiff:</u>

Parties: Plaintiff, Alfredo Perez. Defendant Credence Resource Management LLC.

Witnesses: Plaintiff, Alfredo Perez. Plaintiff reserves the right to name additional witnesses should the need arise to do so, such as to incorporate facts obtained during discovery.

Documents: Documents reflecting Plaintiff's communications with Defendants

<u>Defendant:</u>

Parties: Plaintiff and Defendant

Witnesses: (1) Plaintiff, (2) the FRCP 30(b)(6) witness for Defendant; (3) the FRCP 30(b)(6) witness for third party witnesses including the underlying creditor, AMR. Defendant reserves the right to name additional witnesses should the need arise to do so in the course of discovery.

Documents: Documents reflecting Plaintiff's communications with Defendants, documents reflecting and supporting Plaintiff's damages claims including, without limitation, financial records, employment records, and medical records, Plaintiff's credit reports and documents reflecting collection activities

against him by third party creditors and debt collectors other than AMR and Defendant.

e. **INSURANCE COVERAGE:**

Plaintiff: Not to Plaintiff's knowledge at this stage of litigation.

Defendant: Based on Defendant's present insurance and applicable deductibles, there is no insurance policy which would satisfy all or part of any judgment or settlement of the claims asserted against Defendant in this action, or to indemnify or reimburse for payments made to satisfy any judgment or settlement of the claims asserted against Defendant.

f. **MAGISTRATE JUDGE**

The Parties do not consent to the appointment of a magistrate judge for this action.

g. **ANTICIPATED DISCOVERY AND DISCOVERY SCHEDULE**

The Parties agree that disclosures under Rule 26(a)(1) be exchanged within thirty (30) days of the Rule 26(f) conference in order to permit the parties to engage in settlement discussions.

Plaintiff:

(1) Plaintiff anticipates serving interrogatories, requests for production, and requests for admission to Defendant regarding topics including, but not necessarily limited to, Defendant's efforts to collect the alleged debt, Plaintiff's complaints about Defendant's communications, Defendant's efforts to investigate Plaintiff's complaints, Defendant's policies and practices relating to compliance with applicable law, and other related issues. Plaintiff further anticipates taking the deposition of Defendant's representative with the most knowledge of such issues. The Discovery cut-off date is outlined below in Section (l).

(2) Plaintiff does not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure.

(3) Plaintiff has not yet determined whether he will disclose an expert witness, but reserves the right to disclose any such witnesses within the time period outlined below.

Defendant:(1) Defendant anticipates propounding Request for Admissions, Requests for Production of Documents, and Special Interrogatories to investigate Plaintiff's FDCPA, RFDCPA, and TCPA claims asserted against Defendant in this case. The scope of discovery will encompass all facts and documentation relating to Plaintiff's injuries, claims for damages, and

communications with Defendant and third parties concerning the account at issue. Defendant also anticipates deposing Plaintiff and other third-parties on these same and related matters.

### h. ANTICIPATED MOTIONS AND SCHEDULING OF MOTIONS

Plaintiff:

No motions are pending or anticipated at this time.

Defendant:

Defendant will meet and confer with Plaintiff to prepare a Motion and/or Stipulation for a Protective Order for the preservation of private financial, medical, and trade secret-related information exchanged by the Parties in discovery.

### i. CLASS CERTIFICATION

Not applicable to this Action.

### j. DISPOSITIVE MOTIONS

Plaintiff:

Plaintiff does not currently anticipate filing dispositive motions at this time.

Defendant:

Defendant reserves its right to file a motion for summary judgment following an exchange of discovery by the Parties.

k. **SETTLEMENT / ALTERNATIVE DISPUTE RESOLUTION**

Plaintiff:

Plaintiff is amenable to engaging in private dispute resolution discussions with Defendant.

Defendant:

Defendant is also amenable to settlement discussions to facilitate an earlier resolution of the case. Rather than private mediation, Defendant believes that an early settlement conference with the Magistrate would be an effective method of facilitating an early resolution of the dispute.

l. **PRE-TRIAL CONFERENCE, TRIAL, FUTURE PROCEEDINGS AND CUT-OFF DATES**

The Parties propose the following pretrial conference, trial, and cut-off dates:

- Amendments to pleadings: October 2, 2023.

- Fact discovery cut-off: March 4, 2024.
- Initial expert reports (if needed): April 1, 2024.
- Rebuttal expert reports (if needed): May 1, 2024.
- Expert discovery cut-off: June 3, 2024
- Hearings on Motions: June 24, 2024
- Pre-trial conference: Week of July 15, 2024, on a day preferable to the Court.
- Tentative date for trial: Week of August 5, 2024, on a day preferable to the Court.

**m.   TRIAL ESTIMATE**

<u>Plaintiff:</u>

Plaintiff anticipates that the jury trial of this matter will require approximately three (3) court days. Plaintiff contemplates calling 2-3 witnesses at trial.

<u>Defendant:</u>

Defendant anticipates calling 3 fact witnesses, and reserves its right to identify and call any experts as may be necessary to address Plaintiff's claims for damages.

n. **TRIAL COUNSEL**

Plaintiff:

Todd M. Friedman, Esq.; Adrian R. Bacon; Meghan E. George – Law Offices of Todd M. Friedman, P.C.

Defendant:

James K. Schultz, Esq. and Kenneth A. Ohashi, Esq. – Sessions, Israel & Shartle, LLP.

o. **INDEPENDENT EXPERT OR MASTER**

The Parties do not anticipate the need to appoint an independent expert or master.

p. **OTHER MATTERS**

**SERVICE OF PROCESS**

All Defendants have been served.

**POSSIBLE JOINDER OF ADDITIONAL PARTIES**

The Parties do not at this time anticipate any joinder of additional parties.

**AMENDMENT OF PLEADINGS**

Plaintiff:

Plaintiff does not currently anticipate amending his Complaint but reserves the right to do so should the need arise, such as to incorporate facts obtained during discovery.

Defendant:

Defendant also does not anticipate amending its Answer but reserves the right to do so should the need arise, such as to incorporate facts obtained during discovery.

**APPROPRIATENESS OF SPECIAL PROCEDURES**

The Parties do not believe that this matter necessitates the use of any special procedures.

**MODIFICATION OF STANDARD PRETRIAL PROCEDURES**

The Parties do not recommend any modification of standard pretrial procedures.

<u>RELATED CASES</u>

<u>Plaintiff:</u>

None.

<u>Defendant:</u>

None.

Dated: June 16, 2023            **Law Offices of Todd M. Friedman, P.C.**

                                         By:   <u>/s/ Todd M. Friedman</u>
                                                   Todd M. Friedman, Esq.
                                                   Attorney for Plaintiff

Dated: June 16, 2023            **Sessions Israel & Shartle, LLP**

                                         By:   <u>/s/ Kenneth A. Ohashi</u>

                                                 Attorneys for Defendant

# PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. On June 16, 2023, I electronically filed with the Court through its CM/ECF program and served a true copy through the same program the following documents: **JOINT RULE 26(f) REPORT** on interested parties in said case as follows:

[x]   ELECTRONICALLY, Pursuant to the CM/ECF system, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  The Court's CM/ECF system sends an email notification of the filing to the parties and counsel of record listed above who are registered with the Court's CM/ECF system.

Place of Filing: 21031 Ventura Blvd., Suite 340, Woodland Hills, CA 91364.

Executed on June 16, 2023, at Woodland Hills, CA

[x] I hereby certify under the penalty of perjury that the foregoing is true and correct.

By: s/ Todd M. Friedman
        Todd M. Friedman